UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DYLAN BEGIN | : | CIVIL ACTION NO.: |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| BECTON, DICKINSON AND COMPANY | : | |
| | : | |
| Defendant. | : | October 7, 2021 |

## NOTICE OF REMOVAL

TO:   THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT

1.      Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Becton, Dickinson and

Company ("Defendant"), by and through its undersigned counsel, hereby notices the removal of

this action to the United States District Court for the District of Connecticut.  As grounds in

support of this Notice of Removal, Defendant states the following:

### I.      TIMELINESS OF REMOVAL

2.      On or about September 10, 2021 Plaintiff Dylan Begin ("Plaintiff") filed a civil

action alleging disability discrimination, failure to accommodate and retaliation against

Defendant in the Superior Court of Connecticut, Judicial District of Hartford, Docket No. NNH-

CV21-6117213-S (the "Complaint").   Copies of the Summons, and Complaint are attached

hereto as **Exhibit A**, pursuant to 28 U.S.C. § 1446(d).   These are the only process, pleadings, or

orders known by Defendant to have been served in this action.

3.      Defendant was served with a copy of Complaint on or around September 8, 2021.

4.     Accordingly, pursuant to 28 U.S.C. § 1446(b), this Notice of Removal has been timely filed within 30 days after service of process on Defendant of the Complaint and within 30 days of this matter becoming removable.

## II.     VENUE

5.     The Superior Court of Connecticut, Judicial District of New Haven, is located within the United States District Court for the District of Connecticut.   28 U.S.C. § 86. Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## III.     BASIS FOR REMOVAL:  DIVERSITY JURISDICTION

6.     This action is properly removable under 28 U.S.C. §1441(b) because the United States District Court has original jurisdiction in this case under 28 U.S.C. §1332(a), which provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ."

### A.     AMOUNT IN CONTROVERSY

7.     As set forth above, diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs . . . . ."

8.     In accordance with Connecticut practice, Plaintiff's Statement of Amount in Demand "requests damages 'in excess of $15,000.'" *Baron v. Maxam N. Am., Inc.*, No. 3:11-CV-198, 2012 WL 1247257, at *3 (D. Conn. April 13, 2012); Pl.'s Compl. at p. 8. Where, as here, "the pleadings are inconclusive as to the amount in controversy, courts may look outside the pleadings to other evidence in the record." *Id.* (*citing Vermande v. Hyundai Motor Am., Inc.*, 352 F.Supp.2d 195, 199 (D. Conn. 2004)).

9.      Plaintiff's Complaint contains three counts against Defendant, stating claims for: disability discrimination in violation of the Connecticut Fair Employment Practices Act ("CFEPA"), Conn. Gen. Stat. § 46a-60 *et seq.* (Count One); failure to accommodate in violation of CFEPA, Conn. Gen. Stat. § 46a-60(b)(1) (Count Two); and retaliation in violation of CFEPA, Conn. Gen. Stat. § 46a-60(b)(1) (Count Three).

10.      In relation to his claims, Plaintiff seeks monetary damages, which include: compensatory damages; damages for back pay; front pay; lost personal days; emotional distress; loss pension/retirement benefits; consequential damages; prejudgment interest; CFEPA punitive damages; as well as attorneys' fees and costs, and other relief. (Pl.'s Compl. at p. 7.)

11.      According to the allegations in the Complaint, Plaintiff's employment with Defendant terminated on or about January 2, 2020. (Compl. at ¶ 29).  Therefore, as of the date of the Notice of Removal, and assuming Plaintiff has not secured a new position, he has been out of work for over one year and nine months (or about 92 weeks). According to the allegations in the Complaint, Defendant hired Plaintiff as a Senior Process Technician. (Compl. at ¶ 9).  As a full-time employee of Defendant, upon information and belief, Plaintiff earned approximately $30/hour totaling $1,200/week.  Consequently, as of the date of this Notice of Removal, Plaintiff's alleged lost wages are at least $75,000.00. While Defendant does not concede or admit any damages, based on the likely date of a trial in this matter, Plaintiff's claims for back pay damages, alone, will likely exceed $75,000.00, if he is successful in his claims. Plaintiff also seeks damages for emotional distress, which he has indicated his alleged emotional distress damages exceed $75,000.00.

12.      Finally, where attorneys' fees are potentially recoverable pursuant to statute, which is the case here, such fees may be used to satisfy the amount in controversy requirement. *See Kimm v. KCC Trading, Inc.*, No. 10-4880, 2012 WL 171503, at *1 (2d Cir. Jan. 23, 2012); Conn. Gen. Stat. §

46a-104. Given the nature of Plaintiff's claims, his attorneys' fees could exceed $75,000.00 if he is successful.

13.     Plaintiff's costs and expenses are accruing and will contribute to the actual amount in controversy.

14.     Accordingly, pursuant to 28 U.S.C. §1446(c)(2)(B), although Defendant does not concede or admit that Plaintiff suffered any damages, or that it is liable for any claimed damages, removal is proper because based upon the preponderance of the evidence, the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

**B.     DIVERSITY OF CITIZENSHIP**

15.     According to his Complaint, Plaintiff is a resident and citizen of the state of Connecticut. (*See* Compl. ¶ 1).

16.     Defendant is a New Jersey corporation with its principal place of business in New Jersey. Thus, under 28 U.S.C. § 1332, Defendant is not a citizen of Connecticut. (*See* Compl. ¶ 2).

17.     Therefore, complete diversity exists between the named parties under 28 U.S.C. § 1332, as Defendant is not a citizen of the same state as Plaintiff.

**IV.     CONCLUSION**

18.     To date, Defendant has not filed a responsive pleading in Plaintiff's state court action, and no other proceedings have transpired in that action.

19.     Pursuant to 28 U.S.C. § 1446, a copy of this Notice of Removal has been served upon all adverse parties and upon the Clerk of the State Court.

20.     By removing this matter, Defendant does not waive or intend to waive any defense that may be available to it.

**WHEREFORE**, Defendant respectfully requests that this Honorable Court take jurisdiction of this action and issue all necessary orders and process to remove said action from

the Superior Court of Connecticut, Judicial District of New Haven, to the United States District Court for the District of Connecticut.

**DEFENDANT,**
**BECTON, DICKINSON AND COMPANY**

By: ___*/s/ Kelly M. Cardin*___
Kelly M. Cardin (CT29162)
Nicole S. Mulé (CT30624)
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
281 Tresser Blvd., Suite 602
Stamford, CT 06901
Telephone: 203.969.3109
Facsimile: 203.969.3150
kelly.cardin@ogletree.com
nicole.mule@ogletree.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2021, the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this document through the court's CM/ECF System.

/s/ Nicole S. Mulé
Nicole S. Mulé

# EXHIBIT A

48757027.1

**SUMMONS - CIVIL**
JD-CV-1   Rev. 2-20
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

| For information on ADA accommodations, contact a court clerk or go to: www.jud.ct.gov/ADA. |
|---|

STATE OF CONNECTICUT
**SUPERIOR COURT**
www.jud.ct.gov



**Instructions are on page 2.**

☐ Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.

☒ Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.

☐ Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk (Number, street, town and zip code) | Telephone number of clerk | Return Date (Must be a Tuesday) |
|---|---|---|
| **235 Church Street; New Haven, CT  06510** | **( 203 )  503 – 6800** | **10/05/2021** |

| ☒ Judicial District | G.A. | At (City/Town) | Case type code (See list on page 2) | |
|---|---|---|---|---|
| ☐ Housing Session | Number: | **New Haven** | Major: **M** | Minor: **90** |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (if attorney or law firm) |
|---|---|
| **Sabatini and Associates, LLC; One Market Square; Newington, CT  06111** | **052654** |

| Telephone number | Signature of plaintiff (if self-represented) |
|---|---|
| **( 860 )  667 – 0839** | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. | ☐ Yes  ☒ No | E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book (if agreed) |
|---|---|---|

| Parties | | Name (Last, First, Middle Initial) and address of each party (Number; street; P.O. Box; town; state; zip; country, if not USA) | |
|---|---|---|---|
| First plaintiff | Name: | **BEGIN, Dylan** | P-01 |
| | Address: | **38 Maple Street; Seymour, CT  06483** | |
| Additional plaintiff | Name: | | P-02 |
| | Address: | | |
| First defendant | Name: | **BECTON, DICKINSON and COMPANY; 1 Becton Drive; Franklin Lakes, New Jersey   07417** | D-01 |
| | Address: | **Agent:  CT Corporation System; 67 Burnside Avenue; East Hartford, CT  06108** | |
| Additional defendant | Name: | | D-02 |
| | Address: | | |
| Additional defendant | Name: | | D-03 |
| | Address: | | |
| Additional defendant | Name: | | D-04 |
| | Address: | | |

| Total number of plaintiffs: 1 | Total number of defendants: 1 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

**Notice to each defendant**

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
   **The court staff is not allowed to give advice on legal matters.**

| Date, 9-  -2021 | Signed (Sign and select proper box) | ☒ Commissioner of Superior Court ☐ Clerk | Name of person signing **James V. Sabatini, Esquire** |
|---|---|---|---|

| If this summons is signed by a Clerk: | | For Court Use Only |
|---|---|---|
| a. The signing has been done so that the plaintiff(s) will not be denied access to the courts. | | File Date |
| b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law. | | TRUE COPY ATTEST |
| c. The court staff is not permitted to give any legal advice in connection with any lawsuit. | | Alan F. Zaniewski |
| d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint. | | State Marshal Hartford, County |

| I certify I have read and understand the above: | Signed (Self-represented plaintiff) | Date | Docket Number |
|---|---|---|---|

RETURN DATE:   October 5, 2021

| | | |
|---|---|---|
| DYLAN BEGIN | : | SUPERIOR COURT |
| VS. | : | NEW HAVEN JUDICIAL DISTRICT |
| BECTON, DICKINSON and COMPANY | : | SEPTEMBER 7, 2021 |

## COMPLAINT

1.      Plaintiff Dylan Begin was and is a Connecticut citizen residing in the Town of Seymour.

2.      Defendant Becton, Dickinson and Company was and is a New Jersey corporation with a principal place of business located at 1 Becton Drive, Franklin Lakes, New Jersey 07417.

3.      Defendant employs three (3) or more employees.

4.      Defendant is an employer within the meaning of Connecticut's Fair Employment Practices Act.

5.      Plaintiff is an employee within the meaning of Connecticut's Fair Employment Practices Act.

6.      Defendant employed plaintiff.

7.      Defendant hired plaintiff on or about May 16, 2019.

8.      Plaintiff worked for defendant at its Cannan, Connecticut facility located at 7 Grace Way, Canaan, Connecticut.

9.      Defendant hired plaintiff as a Senior Process Technician.

10.      Plaintiff was directly supervised by Mike Vidal.

11.      On August 31st 2019, plaintiff went out on a medical leave of absence from work.

12.      The medical leave of absence was approximately three and a half weeks.

1

13.     When plaintiff returned to work, he was issued a negative 90-day performance review.

14.     On November 18, 2019, plaintiff returned to work after the weekend ended.

15.     Plaintiff returned to find that a stockout had occurred.

16.     A stockout is a shortage of components.

17.     A stockout prevents defendant from producing products.

18.     The stockout occurred because some of defendant's staff called out of work and some of the machines that produce components broke.

19.     One of defendant's employees named Scott Hinkley shut down one of the machines used by defendant because it needed preventative maintenance.

20.     Hinkley's decision contributed to the stockout.

21.     Plaintiff was not responsible for the stockout because he was not at working over the weekend, he did not break the machines, and he did not cause staff to callout.

22.     Plaintiff was blamed for the stockout by Vidal anyway.

23.     Plaintiff had supervisory authority.

24.     Vidal removed plaintiff's decision-making authority because of the stockout.

25.     On or about December 5, 2019, plaintiff underwent bariatric surgery.

26.     Prior to the surgery, plaintiff informed defendant that he required the bariatric surgery.

27.     Defendant granted Plaintiff the medical leave of absence for the surgery.

28.     On December 4, 2019, Vidal told plaintiff that there would be a "talk" when plaintiff came back from surgery.

29.     On January 2, 2020, defendant terminated plaintiff's employment.

2

30.     Plaintiff has a disability within the meaning of the CFEPA.

31.     Plaintiff suffers from morbid obesity.

32.     Morbid obesity is a chronic condition.

33.     The disease of morbid obesity interferes with basic physical functions such as breathing or walking. Long-term implications of the disease include shorter life expectancy, serious health consequences in the form of weight-related conditions such as type 2 diabetes and heart disease, and a lower quality of life with fewer economic and social opportunities.

34.     Defendant's explanation for the termination was the poor 90-day performance review.

35.     Any and all excuses to be offered by defendant to explain the termination decision would be a pretext to mask unlawful retaliation and discrimination.

36.     Plaintiff performed his job at or above a satisfactory level.

37.     Plaintiff can perform the essential functions of his job with or without a reasonable accommodation.

38.     On or about July 6, 2020, plaintiff filed a complaint against defendant with the State of Connecticut Commission on Human Rights and Opportunities (CHRO).

39.     On or about June 16, 2021, plaintiff received a Release of Jurisdiction from the CHRO (copy attached hereto as Ex.1).

## FIRST COUNT
### (Disability Discrimination in Violation of C.G.S. §46a-60(b)(1))

1.      Plaintiff repeats the allegations in paragraphs 1 through 39 above as if fully incorporated herein.

3

40.    Defendant, by and through its agents and/or employees, violated the Connecticut Fair Employment Practices Act C.G.S. §46a-60a *et seq*. in one or more of the following ways.

(a)    In that defendant interfered with plaintiff's privilege of employment on the basis of plaintiff's disability (actual or perceived as);

(b)    In that defendant discriminated against the plaintiff in such a way that adversely affected his status as an employee;

(c)    In that defendant treated the plaintiff adversely different from similarly situated employees;

(d)    In that defendant terminated plaintiff's employment on account of his disability;

(e)    In that defendant intentionally discriminated against the plaintiff.

41.    As a direct and proximate result of defendant's unequal treatment and discrimination, plaintiff has been deprived of his employment and equal employment opportunities because of his disability.

42.    As a direct and proximate result of defendant's discrimination of the plaintiff, plaintiff has been deprived of income, wages, and benefits.

43.    As a further result of defendant's termination and discrimination, plaintiff has suffered emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss of enjoyment of life, impairment of her personal and professional reputation, damage caused by the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary and non-pecuniary losses.

44.    Plaintiff has suffered and will continue to suffer injuries and losses as a result of defendant's wrongful and discriminatory acts.

## SECOND COUNT
### (Failure to Accommodate in Violation of C.G.S. §46a-60(b)(1))

4

1.      Plaintiff repeats the allegations in paragraphs 1 through 44 above as if fully incorporated herein.

45.     Defendant, by and through its agents and/or employees, violated the Connecticut Fair Employment Practices Act C.G.S. §46a-60a *et seq.* in one or more of the following ways.

(a)     In that defendant failed to accommodate plaintiff's disability;

(b)     In that defendant failed to engage in good faith with the reasonable accommodation interactive process.

46.     As a direct and proximate result of defendant's failure to accommodate, plaintiff has been deprived of income, wages, and benefits.

47.     As a further result of defendant's failure to accommodate, plaintiff has suffered emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss of enjoyment of life, impairment of his personal and professional reputation, damage caused by the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary and non-pecuniary losses.

48.     Plaintiff has suffered and will continue to suffer injuries and losses as a result of defendant's wrongful and discriminatory acts.

## THIRD COUNT
**(Retaliation In Violation of Connecticut Fair Employment Practices Act C.G.S. §46a-60(b)(1))**

1.      Plaintiff repeats and re-alleges the allegations set forth above as though fully set forth herein.

49. Defendant, by and through its agents and/or employees, violated the Connecticut Fair Employment Practices Act C.G.S. §46a-609(b)(1) *et seq.* in one or more of the following ways.

a. In that defendant retaliated against the plaintiff for requesting a reasonable accommodation.

50. As a result of defendant's violation of Connecticut Fair Employment Practices Act C.G.S. §46a-60(a)(4), plaintiff suffered harms and losses including: loss of employment, loss of income and wages and benefits, and harm to his professional reputation.

51. As a further result of defendant's retaliatory conduct, plaintiff has suffered emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss of enjoyment of life, impairment of his personal and professional reputation, damage caused by the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary and non-pecuniary losses.

52. Plaintiff has suffered and will continue to suffer injuries as a result of defendant's wrongful and retaliatory acts.

## **DEMAND FOR RELIEF**

WHEREFORE, plaintiff prays for appropriate damages including: compensatory damages; damages for back pay, front pay, lost personal days, emotional distress; loss pension/retirement benefits; attorneys' fees; costs; interest; consequential damages; prejudgment interest; CFEPA punitive damages; job reinstatement; for an injunction requiring the removal of any and all adverse information contained in plaintiff's personnel file; for a trial by jury; and for all other just and proper relief.

Hereof fail not but of this writ with your doings thereon make due service and return according to law.

Dated at Newington, Connecticut this 7th day of September, 2021.

James V. Sabatini, Esquire
SABATINI AND ASSOCIATES, LLC
1 Market Square
Newington, CT 06111
Tel. No.: (860) 667-0839
Fax No.: (860) 667-0867
Email: jsabatini@sabatinilaw.com
Juris No. 052654

Please file our appearance
on behalf of the Plaintiff.

_____
James V. Sabatini

TRUE COPY
ATTEST

.... F. Zaniewski
State Marshal
Hartford, County

7

## STATEMENT OF AMOUNT IN DEMAND

The amount in demand is greater than $15,000.00

exclusive of attorneys and costs.

# EXHIBIT 1

STATE OF CONNECTICUT
COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

Dylan Begin
**COMPLAINANT**

vs.

Becton Dickinson & Co
**RESPONDENT**

CHRO No. 2130006
EEOC No.  16A202001285

<u>RELEASE OF JURISDICTION</u>

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint.  The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Respondent transacts business or in which the Complainant resides.  If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action brought pursuant to this release must be served on the Commission at <u>ROJ@ct.gov</u> or at 450 Columbus Blvd., Suite 2, Hartford, CT 06103 at the same time all other parties are served.  Electronic service is preferred. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

<u>The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.</u>

**DATE:**        June 16, 2021        Tanya A. Hughes, Executive Director

Service:
Complainant: <u>dbegin87@gmail.com</u>
Complainant's attorney:  <u>jsabatini@sabatinilaw.com</u>
Respondent:  <u>Hannah.cole@bd.com</u>
Respondent's attorney: <u>Kelly.cardin@ogletreedeakins.com</u>

TRUE COPY
ATTEST
Alan F. Zaniewski
State Marshal
Hartford, County